# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### Civil Action No. 1:23-cv-01040-JLH

### An Appeal from the United States Bankruptcy Court
### for the District of Delaware

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| DUILIO F. VITALE, JR., | ) | Bk. No. 21-10932 (BLS) |
| | ) | Adv. Proc. No.: 22-50356 (BLS) |
| Debtor. | ) | |
| _____ | ) | |
| DUILIO F. VITALE, JR., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23-cv-01040-JLH |
| | ) | |
| REGINA M. CORRIDORI, et al., | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

## APPELLANT'S BRIEF
## FILED BY DUILIO F.  VITALE, JR.

DOROSHOW, PASQUALE, KRAWITZ & BHAYA

*/s/ Elaina L. Holmes, Esquire*
Elaina L. Holmes, Esquire (Bar I.D. No.: 006552)
1454 Pulaski Highway
Newark, DE 19702
(302) 636-4409
Attorney for Duilio F. Vitale, Jr.

Date:  May 29, 2024

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES.......................................................................v

STATEMENT REGARDING ORAL ARGUMENT……………………….…vii

INTRODUCTION……………………………………………………………1

JURISDICTION STATEMENT…………………………………………....2

STATEMENT OF ISSUES ON APPEAL……………………………………..2

FACTUAL BACKGROUND.................................................................5

NATURE AND STAGE OF PROCEEDINGS ......................................11

LEGAL ARGUMENTS .......................................................................12

     *The Bankruptcy Court erred in granting Foraker Properties, LLC's*
     *Motion for Judgment on the Pleadings. As a matter of law, the review*
     *is de novo*…………………………………………….………………......12

     *The Bankruptcy Court erred in granting Foraker Properties, LLC's*
     *Motion for Summary Judgment. As a matter of law, the review is*
     *de novo*………………………………………………….……......14

     *The Bankruptcy Court erred in granting Regina M. Corridori's*
     *Motion for Summary Judgment. As a matter of law, the review*
     *is de novo*…………………………………………………………..18

     *The sale of the Post-Petition Sale Properties was void as the sale*
     *violated the Automatic Stay. See, e.g., 11 U.S.C. § 362(a). As a matter*
     *of law, the review is de novo*……………………………………………19

     *The Bankruptcy Court erred in the utilization of the rare and*
     *extraordinary remedy of annulling Foraker Properties, LLC's and*
     *Regina M. Corridori's violations of the Automatic Stay, particularly since*
     *the annulment was based on erroneous facts. As a matter of law, the*
     *review is de novo*……………………………………………..........20

*The Bankruptcy Court erred in holding that no distribution was made to Regina M. Corridori, and that she would be prejudiced by the forced sale of the Five Post-Petition Sale Properties when:(i) Regina M. Corridori received $60,000.00 from Duilio F. Vitale, Jr. on April 15, 2021; (ii) $3,000.00 from Duilio F. Vitale, Jr. on May 13, 2021, (iii) $3,000.00 from Duilio F. Vitale, Jr. on June 14, 2021; (iv) Regina M. Corridori alone received $64,998.05 from the sale of the Post-Petition Sale Properties; and (v) Corridori received a total of $143,689.01 to date, and could receive an equitable portion of any forced re-sale of the Post-Petition Sale Properties. As a matter of law, the review is de novo*……………....21

*The Bankruptcy Court erred in holding that Regina M. Corridori signed the deeds for the Five Post-Petition Sale Properties pre-petition, when a review of Regina M. Corridori's Answer to Plaintiff's Complaint [D.I. 5 at ¶ 19] and the deeds themselves, make it clear that Regina M. Corridori signed the deeds on June 15, 2023, post-petition and in violation of the Automatic Stay. As this is a factual issue, the review is "clearly erroneous"*…..............22

*The Bankruptcy Court erred in finding on a Motion for Judgment on the Pleadings and motions for Summary Judgment, when the facts are to be viewed in the light most favorable to the non-moving party, and when Duilio F. Vitale, Jr. seeks bankruptcy relief for what he maintains was a property distribution award, that Duilio F. Vitale, Jr.'s conduct was "unreasonable and inequitable." As a matter of law, the review is de novo*……………………….........…24

*The Bankruptcy Court erred in not holding that Regina M. Corridori's Family Court award is a property settlement. As a matter of law, the review is de novo*………………………………...26

*The Bankruptcy Court erred in not directing the equitable distribution of the net proceeds from the sale of the real estate at 1737 W. 6th Street, Wilmington, Delaware 19805. As a matter of law, the review is de novo*……………...........………………………26

*The Bankruptcy Court erred in not directing the equitable distribution of the net proceeds from the sale of 1339 Linden Street, Wilmington, Delaware, 19805. As a matter of law, the review is de novo*…………….....................................................................27

*The Bankruptcy Court erred in not addressing the issue of whether or not Regina M. Corridori breached her implied covenant of good faith and fair dealing to Casa Bella Rentals, LLC, as managing member, by entering into the sale of the Five Post-Petition Sale Properties, and that Duilio F. Vitale, Jr. has the right to bring an action on behalf of Casa Bella Rentals, LLC. As a matter of law, the review is de novo*………...............................................................27

*The Bankruptcy Court erred by not addressing the following issues: Casa Bella Rentals, LLC: (i) had its property taken without being afforded its constitutional procedural due process rights; (ii) was never made a party to the Family Court case; (iii) was not represented in the Family Court by an attorney; (iv) needed to be a party in the Family Court matter in order to authorize the sale of substantially all of its assets (in fact, such sale was contrary to its operating agreement); and (v) so, the Four Post-Petition Sale Properties titled in Casa Bella Rental, LLC's name should be returned to Casa Bella Rentals, LLC. As a matter of law, the review is de novo*…………………………………………………………28

CONCLUSION...................................................................................30

## <u>TABLE OF AUTHORITIES</u>

**U.S. CONSTITUTION:**

U.S. Const. amend. V .................................................................................29

U.S. Const. amend. XIV ...........................................................................29

**CASES:**

<u>*United States Supreme Court Cases*</u>

*Goss v. Lopez*,
    419 U.S. 565 (1975).........................................................................29

<u>*Third Circuit and Delaware Bankruptcy Cases*</u>

*Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*,
    682 F.2d 446, 448 (3d Cir. 1982) ..................................................12

*Buck v. Hampton Twp. Sch. Dist.,* 452 F.3d 256, 260 (3d Cir. 2006) ...............12, 13

*Charbonnages de France v. Smith*,
    597 F.2d 406, 414 (4th Cir. 1979)..........................................................14, 15

*Commerzanstalt v. Telewide Systems, Inc.,* 790 F.2d 206, 207 (2d Cir.1986)..18, 24

*In re Margaret J. Myers*, 491 F.3d 12 (2007)……………………………………..24

*Knepper v. Rite Aid Corp.,* 675 F.3d 249, 257 (3d Cir. 2012) ...............................12

*Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991),
    reh'g granted and opinion vacated (Jan. 10, 1992), opinion reinstated on
    reh'g (March 24, 1992)..........................................................................18, 24

<u>*Other Federal Court Cases*</u>

*NLT Computer Services v. Capital Computer Systems*, 755 F.2d 1253,
    1258 (6th Cir.1985) .................................................................17, 23

*Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950)..................14

**_Other Bankruptcy Court Cases_**

*In re Boston Business Machines*,
    87 B.R. 867, 870 (Bankr.E.D.Pa.1988) .......................................17, 18, 23, 24

*In re Koresko*, 91 B.R. 689, 701 (Bankr.E.D.Pa.1988) ....................................17, 23

*In re Zargaran*,
    216 F.Supp.3d 1340, (Fla. 2016) ...................................................................17

*In re Siciliano*,
    167 B.R. 999, 1007–08 (Bankr. E.D. Pa. May 5, 1994)................................20

**_Delaware State Court Cases_**

*Poore v. Fox Hollow Enterprises*, 1994 WL 150872 at *1
    (Del. Super. Ct. Mar. 29, 1994) ....................................................................30

## **FEDERAL STATUTES**

11 U.S.C. § 362(a)....................................................................................1, 5, 19

11 U.S.C. § 362(k) ........................................................................................6, 7

11 U.S.C. § 549(a)...........................................................................................17

28 U.S.C. § 158..................................................................................................2

## **FEDERAL RULES**

Fed. R. Civ. P. 12(c) ........................................................................................13

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellant Duilio F. Vitale, Jr., hereby respectfully requests that he be permitted to have oral argument regarding the matters presented for appeal.

Duilio F. Vitale, Jr. (*hereinafter* "Vitale"), by and through his undersigned counsel, hereby submits his *Appellant's Brief* in support of his appeal of the *Memorandum Order* of the U.S. Bankruptcy Court for the District of Delaware ("Bankruptcy Court") dated September 13, 2024 in Adversary Proceeding 22-50356 BLS. While the Bankruptcy Court acknowledged that Foraker Properties, LLC (*hereinafter* "Foraker") and Regina Corridori (*hereinafter* "Corridori") violated 11 U.S.C. § 362(a)'s Automatic Stay by selling five properties from Vitale's bankruptcy estate, the Court granted the rare "extraordinary action," the "radical form of relief," of annulling the Stay. This rare relief was based, in part, on the purported prejudice to Corridori in not receiving any of the money due her from Vitale pursuant to Family Court orders; yet, Corridori has acknowledged "There is nothing more due to Ms. Corridori from the $130,850.91 due to her from the Court Order." Note that Vitale's *Complaint* proposed a re-sale of the five properties at fair market value (he provided appraisals to show the subject sale was for less than fair market value), with the net proceeds to be equitably divided between Corridori and Vitale which would have benefited and not prejudiced Corridori. Another basis for the Court's decision was that Corridori signed the subject deeds before Vitale's bankruptcy petition was filed; yet, the deed was clearly signed by Corridori post-petition on June 15, 2021. Judgment on the Pleadings was entered in favor of Foraker Properties, LLC (*hereinafter* "Foraker"), and Summary Judgment was entered in favor of both

Foraker and Corridori, despite the multiple genuine issues of material fact and unresolved legal issues which remained.

## JURISDICTIONAL STATEMENT

In accordance with 28 U.S.C. § 158, this United States District Court for the District of Delaware has jurisdiction to hear this appeal from an order of the U.S. Bankruptcy Court for the District of Delaware. This appeal is from the September 13, 2024 *Memorandum Order* [D.I. 52] in Adversary Proceeding 22-50356 BLS granting (i) Foraker Properties, LLC's *Motion for Judgment on the Pleadings*, (ii) Foraker Properties, LLC's *Motion for Summary Judgment*; and (iii) Regina M. Corridori's *Motion for Summary Judgment*. Appellant Duilio F. Vitale, Jr. (*hereinafter* "Vitale"), timely filed his *Notice of Appeal* on September 22, 2023. Vitale notes that the granting of a motion for judgment on the pleadings and summary judgment motions are final orders.

## STATEMENT OF THE ISSUES PRESENTED ON APPEAL

1.      Did the Bankruptcy Court err in granting Foraker's *Motion for Judgment on the Pleadings*? As a matter of law, the review is de novo.

2.      Did the Bankruptcy Court err in granting Foraker's *Motion for Summary Judgment*? As a matter of law, the review is de novo.

3.      Did the Bankruptcy Court err in granting Corridori's *Motion for Summary Judgment*? As a matter of law, the review is de novo.

4.      Was the sale of the Post-Petition Sale Properties void as the sale violated the Automatic Stay? As a matter of law, the review is de novo.

5.      Did the Bankruptcy Court err in the utilization of the rare and extraordinary remedy of annulling Foraker's and Corridori's violations of the Automatic Stay? As a matter of law, the review is de novo.

i.  Did the Bankruptcy Court err in holding that no distribution was made to Corridori and that she would be prejudiced by the forced sale of the Five Post-Petition Sale Properties when:  (i) Corridori  received $60,000.00 from Vitale on April 15, 2021; (ii) $3,000.00 from Vitale on May 13, 2021; (iii) $3,000.00 from Vitale on June 14, 2021; (iv) Corridori alone received $64,998.05 from the sale of the Post-Petition Sale Properties; and (v) Corridori received a total of  $143.689.01, and could receive an equitable portion of any forced re-sale of the Post-Petition Sale Properties? As a matter of law, the review is de novo.

ii. Did the Bankruptcy Court err in holding that Corridori signed the deeds for the Five Post-Petition Sale Properties pre-petition, when a review of *Regina M. Corridori's Answer to Plaintiff's Complaint* [D.I. 5 at ¶ 19] and the deeds themselves, make it clear that Regina M. Corridori signed the deeds on June 15, 2023, post-petition and in violation of the Automatic Stay? As this is a factual issue, the review is "clearly erroneous."

3

iii.    Did the Bankruptcy Court err in finding on a *Motion for Judgment on the Pleadings* and motions for Summary Judgment, when the facts are to be viewed in the light most favorable to the non-moving party, and when Vitale seeks bankruptcy relief for what he maintains was a property distribution award, that Vitale's conduct was "unreasonable and inequitable?" As a matter of law, the review is de novo.

6.  Did the Bankruptcy Court err in not holding that Corridori's Family Court award is a property settlement? As a matter of law, the review is de novo.

7.    Did the Bankruptcy Court err in not directing the equitable distribution of the net proceeds from the sale of the real estate at 1737 W. 6th Street, Wilmington, Delaware 19805? As a matter of law, the review is de novo.

8.    Did the Bankruptcy Court err in not directing the equitable distribution of the net proceeds from the sale of 1339 Linden Street, Wilmington, Delaware, 19805? As a matter of law, the review is de novo.

9.    Did the Bankruptcy Court err in not addressing the issue of whether or not Corridori breached her implied covenant of good faith and fair dealing to Casa Bella Rentals, LLC, as managing member, by entering into the sale of the Five Post-Petition Sale Properties, and that Vitale has the right to bring an action on behalf of Casa Bella Rentals, LLC? As a matter of law, the review is de novo.

10.    Did the Bankruptcy Court err by not addressing the following issues: Casa Bella Rentals, LLC: (i) had its property taken without being afforded its constitutional procedural due process rights; (ii) was never made a party to the Family Court case; (iii) was not represented in the Family Court by an attorney; (iv) needed to be a party in the Family Court matter in order to authorize the sale of substantially all of its assets (in fact, such sale was contrary to its operating agreement); and (v) so, the Four Post-Petition Sale Properties titled in Casa Bella Rental, LLC's name should be returned to Casa Bella Rentals, LLC? As a matter of law, the review is de novo.

## FACTUAL BACKGROUND

## I.    The Adversary Complaint

On June 15, 2021, four days after Vitale filed a Chapter 13 bankruptcy case thereby automatically activating 11 U.S.C. § 362(a)'s Automatic Stay, Corridori signed five deeds and delivered those deeds to Foraker, at a post-bankruptcy petition real estate closing. *See*, Exhibit B. The five properties sold were as follows: (1) 203 North Harrison Street, Wilmington, DE  19805 (titled in Casa Bella Rentals, LLC); (2) 1735 W. 5th Street, Wilmington, DE  19805 (titled in Casa Bella Rentals, LLC); (3) 511 South Harrison Street, Wilmington, DE  19805 (titled in Casa Bella Rentals, LLC); (4) 1130 Elm Street, Wilmington, DE  19805 (titled in Vitale and Corridori); and (5) 103 Ruth Street, Wilmington, DE  19805 (titled in Casa Bella Rentals, LLC).

5

The five properties will hereinafter be referenced as the "Post-Petition Sale Properties." The sale of the Post Petition Sale Properties will be referred to as the "Post-Petition Sale."

After filing his Chapter 13 Petition, Vitale filed his Adversary Proceeding seeking relief as set forth more fully in the *Complaint*. [D.I. 1; 22-50356-BLS]. That requested relief included the following. Determining that Corridori and Foraker violated the Automatic Stay pursuant to 11 U.S.C. § 362(a) and awarding damages in accordance with 11 U.S.C. § 362(k). Avoiding, vacating, and setting aside the transfer of the five Post-Petition Sale Properties to Foraker; alternatively, having the Bankruptcy Court direct a re-sale of the five Post-Petition Sale Properties to third-parties at fair market value, with Foraker being reimbursed only its purchase price. Determining that the five Post-Petition Sale Properties were sold for less than fair market value. Determining the Member status regarding Casa Bella Rentals, LLC, given the refusal of Corridori to sign documents transferring Corridori's interest in the limited liability company to Vitale pursuant to the Delaware Family Court orders (*hereinafter* the "Family Court"). Determining that Casa Bella Rentals, LLC: (i) had its property taken without being afforded its constitutional procedural due process rights; (ii) was never made a party to the Family Court case; (iii) was not represented in the Family Court by an attorney; (iv) did not authorize the sale of substantially all of its assets (in fact, such sale was contrary to its operating agreement; see, Exh. C);

6

and (v) so, the four Post-Petition Sale Properties owned by Casa Bella Rentals, LLC, should be returned to the company. Determining that the sale of the Post-Petition Sale Properties was an unauthorized post-petition transfer. Requesting declaratory relief as well as actual damages, special damages, consequential damages, plus costs and attorney's fees, and other damages as set forth in 11 U.S.C. § 362(k). Ordering the sale of the real estate at 1737 W. 6th Street, Wilmington, Delaware 19805 with the net proceeds to be equitably distributed between Vitale and Corridori. Determining that Corridori's Claim against Vitale is a property settlement agreement which is dischargeable in this Chapter 13 bankruptcy case. Lastly, for such other and further relief as is otherwise just and proper, including, but not limited to, (i) awarding damages for failure to negotiate and/or satisfy a substantial judicial lien by M&T Bank (*see*, 21-10932; Claim 15-1) and Windset Capital Corporation at the Post-Petition Sale; and (ii) awarding an equitable portion of the net sales proceeds from the sale of 1339 Linden Street, Wilmington, Delaware, 19805.

## II.   **Further Factual Background**

Vitale and Corridori were married on May 13, 1989. The couple separated on February 23, 2016. A divorce decree was entered on June 21, 2017, by the Family Court (the Family Court orders are at Exhibit P).

Prior to their divorce, Vitale and Corridori had an interest in eight (8) properties, either individually or as members of Casa Bella Rentals, LLC. In addition

to the five Post-Petition Sale Properties, Vitale and Corridori also had interests in the following properties: (1) 1339 Linden Street, Wilmington, Delaware 19805 (Currently sold via stipulated order at D.I. 20; previously titled in Casa Bella Rentals, LLC; all of the net proceeds, $67,420.83, have now been distributed solely to Corridori; *see*, Exh. O); (2) 1737 W. 6th Street, Wilmington, Delaware 19805 (Currently sold via stipulated order, D.I. 22 and 25; previously titled in Vitale and Corridori; net proceeds of $36,515.38 are being held in escrow, which are subject to liens with potential lien avoidance actions); (3) 3205 Bristol Drive, Wilmington, DE 19808 (Currently titled in Vitale and Corridori; currently Vitale's primary residence. The Family Court ordered Corridori to give Vitale a quit-claim deed to this real estate, but Corridori has not done so; the value of this real estate was part of the calculation of what amounts would be due from Vitale to Corridori).

As set forth in the pleadings, on June 6, 2018, with conditions as set forth more fully in the Family Court orders, the Family Court ordered that Corridori would retain 1737 West 6th Street, Wilmington, Delaware 19805, and 1339 Linden Street, Wilmington, Delaware 19805. Vitale was to retain the remaining five Post-Petition Sale Properties as well as 3205 Bristol Drive, Wilmington, Delaware 19808. There are several subsequent Family Court orders which were filed at Exhibit P in the record.

On June 6, 2018, the Family Court ordered that Corridori's name was to be removed from Casa Bella Rentals, LLC, as a Member. Corridori refused to sign the documents Vitale presented to her to remove her name as a Member from Casa Bella Rentals, LLC (*see*, Vitale *Complaint* at D.I. 1, ¶ 13). In the October 16, 2020 order, the Family Court indicated "Wife shall comply with any action necessary to remove her name from the LLCs." (*See*, Exh. P, Oct. 16, 2020 FC order at pg. 2).

All claims for alimony were denied by the Family Court (*see*, Exhibit P; FC Order June 6, 2018: "Based on the foregoing, the Court denies the parties' respective claims for Alimony.").

The Family Court orders were amended on September 6, 2018 to reflect the second mortgage on the 3205 Bristol Drive, Wilmington, Delaware property in the amount of $94,841.06. (*See*, Exh. L). Therefore the net value of the asset on Vitale's side of the ledger was less than as set forth in the Wright Chart.

Casa Bella Rentals, LLC's business was as a landlord for residential rentals. On March 11, 2020, the World Health Organization characterized the COVID outbreak as a pandemic. The Centers for Disease Control and Prevention (CDC) issued a moratorium on most evictions for non-payment of rent. Vitale was struggling as can be seen in Exhibit P "Properties in this program can't be foreclosed on, just like I can't evict tenants."

In October of 2020, the Family Court gave Corridori the authority to sell the five Post-Petition Sale Properties, except for the 3205 Bristol Drive where Vitale resided with their daughter and grandchild. In that same order, Vitale was given a credit of $12,690.96 for paying Corridori's mortgage payments (see, Exh. P, Oct. 16, 2020 FC order at pg. 2). It was also recognized in that order that the M&T Bank lien must be re-listed in the Family Court's Wright Chart "which will effect Husband's obligation to Wife; currently, the $100,000.00 must be apportioned pursuant to the Ancillary Order." (*See*, Exh. P, Oct. 16, 2020 FC order at pg. 2). Vitale's obligation to Corridori was reduced.

Pursuant to the Family Court orders, Vitale paid Corridori $60,000.00 (Sixty Thousand Dollars) on April 15, 2021; $3,000.00 (Three Thousand Dollars) on May 13, 2021, $3,000.00 (Three Thousand Dollars) on June 14, 2021 (*see*, Exhibit M), and Vitale was given a credit of $12,690.96 for paying Corridori's mortgage payments (*see*, Exh. P, Oct. 16, 2020 FC order at pg. 2). These pre-petition payments total $78,690.96.

At no time during the Family Court case was Casa Bella Rentals, LLC, added as a party or represented by an attorney. Vitale maintains, therefore, that the Family Court did not have jurisdiction over Casa Bella Rentals, LLC, at any time during the Family Court proceedings.

10

There are no company documents for Casa Bella Rentals, LLC, authorizing the Post-Petition Sale of the four properties which were titled in the name of Casa Bella Rentals, LLC.

The post-petition closing date for the Post-Petition Sale was June 15, 2021 as was the disbursement date. The net proceeds from the Sale were $64,998.05 (Sixty-Four Thousand, Nine Hundred Ninety-Eight Dollars and Five Cents). These net proceeds were retained in full by Corridori. None of the proceeds were given to either Casa Bella Rentals, LLC, or Vitale. Corridori's new total payment was $143,689.01. Particularly given the credits for the M&T Bank loan and the second mortgage on 3205 Bristol Drive, Wilmington, Delaware, Corridori has acknowledged that she is not owed any additional sums from Vitale pursuant to the Family Court orders.

## <u>NATURE AND STAGE OF THE PROCEEDINGS</u>

Vitale's Chapter 13 Bankruptcy was filed on June 11, 2021. Vitale's *Complaint* was filed on May 23, 2022. Defendant Foraker filed its response on July 22, 2022 [D.I. 8]. Defendant Corridori filed her Answer on June 9, 2022 [D.I. 5]. Casa Bella Rentals, LLC did not file an Answer. No trial has taken place. The parties briefed Foraker's *Motion for Judgment on the Pleadings*; Foraker's *Motion for Summary Judgment*; and Corridori's *Motion for Summary Judgment*. A *Memorandum Order* [D.I. 52] was entered on September 13, 2023 granting Foraker's *Motion for*

*Judgment on the Pleadings*, granting Foraker's *Motion for Summary Judgment*, and granting Corridori's *Motion for Summary Judgment.* Vitale filed a *Notice of Appeal* [D.I. 56] on September 22, 2023.

## LEGAL ARGUMENTS

In addition to the following arguments, Vitale incorporates by reference his *Complaint* [D.I. 1] and briefs [D.I. 29, 37, 40, 45, and 46] filed in this matter.

### *The Bankruptcy Court erred in granting Foraker Properties, LLC's Motion for Judgment on the Pleadings. As a matter of law, the review is de novo.*

Summary: Foraker's *Motion for Judgment on the Pleadings* regarding Vitale's *Complaint* [D.I. 1 in Adv. Proc. 22-50356-BLS] should have been denied. The review standard is: "[W]e accept all factual allegations as true and view them in the light most favorable to Plaintiff. We may not dismiss a complaint for failure to state a claim upon which relief can be granted unless we find that the plaintiff can prove no set of facts that would entitle her to relief." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3rd Cir. 2006)(*see, also*, *Knepper v. Rite Aid Corp*., 675 F.3d 249, 257 (3d Cir. 2012). Vitale's *Complaint* [D.I. 1 in Adv. Proc. 22-50356-BLS] alleged the facts needed to succeed at trial. The Bankruptcy Court should have denied Foraker's *Motion for Judgment on the Pleadings* and permitted the matter to advance to a trial on the merits.

Argument:  Foraker's motion is a 12(c) *Motion for Judgment on the Pleadings*. The

Third Circuit in *Buck v. Hampton Twp. Sch. Dist.,* 452 F.3d 256, 260 (3d Cir. 2006)

sets forth the review standard for such a motion:

> In reviewing a motion to dismiss, ***we accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff***. We may not dismiss a complaint for failure to state a claim upon which relief can be granted ***unless we find that the plaintiff can prove no set of facts that would entitle her to relief***. *Pryor v. Nat'l Collegiate Athletic Ass'n,* 288 F.3d 548, 559 (3d Cir.2002). In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, *id.* at 560, and any "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist*., 452 F.3d 256, 260 (3d Cir. 2006; emphasis added).

Yet, Vitale's *Complaint* [D.I. 1] was sufficient to survive this motion. Without

limitation, the *Complaint* alleged a violation of the Automatic Stay as it asserts a

post-petition sale of the Post-Petition Sale Properties [D.I. 1 at ¶ 29, 25 – 35] at less

than fair market value. It asserts that all claims for alimony were denied, and the

award to Corridori was a property settlement award [D.I. 1 at ¶ 14 and 15], thereby

making his Chapter 13 Bankruptcy petition regarding the Family Court award both

reasonable and equitable. It asserted that the Family Court did not have jurisdiction

over Casa Bella Rentals, LLC, that there were no company documents authorizing

the sale of substantially all of Casa Bella Rentals, LLC's properties [D.I. 1 at 36 –

46]. It is likewise sufficient to prove the basis for the relief Vitale requested. Vitale

13

maintains Foraker's *Motion for Judgment on the Pleadings* should have been overruled.

### The Bankruptcy Court erred in granting Foraker Properties, LLC's Motion for Summary Judgment. As a matter of law, the review is de novo.

<u>Summary</u>:  Foraker's Summary Judgment motion should have been denied. Summary Judgment "should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). Further, the non-moving party is "entitled, as on a motion for a directed verdict, to have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, all internal conflicts in it resolved favorably to him, the most favorable of possible alternative inferences from it drawn on his behalf; and finally, to be given the benefit of all favorable legal theories invoked by the evidence so considered." *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). Viewing the allegations set forth in Vitale's *Complaint* in the light most favorable to Vitale, and considering the vast number of disputes over genuine, legally significant, material facts, the Bankruptcy Court should have denied Foraker's *Summary Judgment Motion* and permitted the matter to advance to a trial on the merits. One of many examples is the differences between the affidavit of Brian Foraker and the affidavit of Vitale wherein the appropriate fair market value of the subject properties, was in direct factual dispute (*see*, Vitale Exh. E, F, G, H, I, and D).

14

<u>Argument</u>:   Summary Judgment is, and should be, difficult to obtain as it takes the action away from a trial on the merits.

> [S]ummary judgment "should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." *Stevens v. Howard D. Johnson Co.,* 181 F.2d 390, 394 (4th Cir. 1950) (reversing grant of summary judgment in contract breach case). It is not appropriate "even where there is no dispute as to the evidentiary facts but only as to the conclusions to be drawn therefrom." *Pierce v. Ford Motor Co.,* 190 F.2d 910, 915 (4th Cir. 1951). The burden is on the moving party to "show" that there "is no genuine issue as to any material fact" and that he "is entitled to judgment as a matter of law."

<u>Charbonnages de France v. Smith</u>, 597 F.2d 406, 414 (4th Cir. 1979).

Yet, there are multiple genuine issues of material fact as well as legal issues that remain which do not warrant summary judgment for Foraker (without limitation):  (i) the ownership of Casa Bella Rentals, LLC, at the time of the June 15, 2021 closing as its membership had been awarded to Vitale, but Corridori refused to sign the papers as directed by the Family Court; (ii) whether the June 15, 2021 Post-Petition Sale was for less than fair value; (iii) whether the Family Court even had jurisdiction over Casa Bella Rentals, LLC, as it was neither a party, nor represented by counsel when it was stripped of substantially all of its assets; (iv) whether Corridori breached her implied covenant of good faith and fair dealing regarding Casa Bella Rentals, LLC; (v) whether Corridori ever had valid authorization to sell substantially all of the assets of Casa Bella Rentals, LLC; (vi)

whether Foraker was a bona fide purchaser; and (vii) whether the parties had actual or constructive knowledge of Vitale's bankruptcy.

Given the law and unresolved factual disputes, Foraker was not entitled to summary disposition of Vitale's *Complaint*. Foraker asserted that the Bankruptcy Court should annul any violation of the Automatic Stay based partially upon a lack of knowledge regarding Vitale's bankruptcy filing. Yet, Foraker had a multitude of actual and constructive indicia to indicate they should do their due diligence at closing and do the typical closing credit check of Vitale's credit report on June 15, 2011 (which would have clearly indicated that Vitale had filed bankruptcy four days previously) (*see*, Exhibit Q). At no time did Vitale sign any of the Sales Agreements; they were only signed by Corridori and Brian Foraker. (*See*, Exh. A). Foraker did know that Vitale and Corridori were in a contested divorce proceeding and that Vitale was not voluntarily agreeing to sell any of the properties (*see*, Exh. Q); the foregoing would also be apparent from the Court order attached to some of the deeds. (*See*, Exhibit B). Brian Foraker is the listing agent as well as the seller's broker, as well as the individual signing all Sales Agreements on behalf of the purchaser, Foraker Properties, LLC. [*See*, Exhibit A]. So, the purchaser, Foraker, was not a typical purchaser unfamiliar with real estate processes. In fact, the Sales Agreements note that Foraker Properties, LLC "is a licensed realtor." Again, Brian Foraker, who signed the Sales Agreements for Foraker Properties, LLC, as buyer, was also the

16

listing agent as well as the selling agent. [*See*, Exhibit A].  Particularly with regard to the property at 1130 Elm Street, Wilmington, DE  19805, which was titled in Vitale's and Corridori's individual names (clearly discernable through a due diligence title search of the property), there is no signature on the Sales Agreement for Vitale. [*See*, Exhibit A]. The Post-Petition Sale Properties were sold to this licensed realtor, upon information and belief, below fair market value. (*See*, Exhibit D, E, F, G, H and I).

Even if the recipient of an unauthorized post-petition transfer of realty included in bankruptcy estate did not have actual knowledge of debtor's bankruptcy, he may not assert "good faith purchaser" defenses to trustee's avoidance claim if he possessed sufficient facts to induce a reasonable person to investigate whether debtor was in bankruptcy.  *E.g., In re Zargaran*, 216 F.Supp.3d 1340, (Fla. 2016). The above outlined facts would cause a reasonable person to investigate at the closing. Therefore, Foraker is not a bona fide purchaser. *See*, 11 U.S.C. § 549(a); Black's Law Dictionary, *bona fide purchaser*, 1355 (9th ed.1990).

Further, "[t]he stay of § 362 is "automatic" because it is triggered as against all entities upon the filing of a bankruptcy petition, *irrespective of whether the parties to the proceedings stayed are aware that a petition has been filed*. *See, NLT Computer Services v. Capital Computer Systems,* 755 F.2d 1253, 1258 (6th Cir.1985); *In re Koresko,* 91 B.R. 689, 701 (Bankr.E.D.Pa.1988); *In re Boston*

*Business Machines,* 87 B.R. 867, 870 (Bankr.E.D.Pa.1988). Because the automatic stay serves the interests of both debtors and creditors, it may not be waived and its scope may not be limited by a debtor. *Commerzanstalt v. Telewide Systems, Inc.,* 790 F.2d 206, 207 (2d Cir.1986)." *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991), *reh'g granted and opinion vacated* (Jan. 10, 1992), *opinion reinstated on reh'g* (Mar. 24, 1992; emphasis added).

### The Bankruptcy Court erred in granting Regina M. Corridori's *Motion for Summary Judgment*. As a matter of law, the review is de novo.

<u>Summary</u>: As set forth above in the "Summary" to the preceding question, viewing the allegations set forth in Vitale's *Complaint* in the light most favorable to Vitale as the non-moving party, and considering the vast number of disputes over legally significant material facts, the Bankruptcy Court should have denied Corridori's *Summary Judgment Motion* and permitted the matter to advance to a trial on the merits, permitting the Bankruptcy Court to hear from the parties as witnesses.

<u>Argument</u>:   As previously indicated, there are multiple genuine, material factual and legal issues that remain which do not warrant summary judgment for Corridori. These genuine issues of material fact are set forth in the preceding section and include, without limitation:  (i) who was managing member of Casa Bella Rentals, LLC, at the time of the June 15, 2021 closing; (ii) was the June 15, 2021 Post-Petition Sale below fair value; (iii) did the Family Court have jurisdiction over Casa Bella Rentals, LLC; (iv) did Corridori breach her implied covenant of good faith and

18

fair dealing regarding Casa Bella Rentals, LLC; (v) did Corridori have valid authorization to sell substantially all of the assets of Casa Bella Rentals, LLC; (vi) did Corridori have actual or constructive knowledge of Vitale's bankruptcy; (vii) whether Corridori's claims are property settlement awards (surely testimony would be required to disregard the no-alimony decision of the Family Court); and (viii) given that the corporate documents for Casa Bella Rentals, LLC precludes partition by a Member, and Casa Bella Rentals, LLC was not represented in the Family Court, did the Family Court have jurisdiction to proceed with its forced partition and sale.

### ___The sale of the Post-Petition Sale Properties was void as the sale violated the Automatic Stay. See, e.g., 11 U.S.C. § 362(a). As a matter of law, the review is de novo.___

Summary and Argument:   The Bankruptcy Court acknowledged there was a violation of the Automatic Stay as set forth in 11 U.S.C. § 362(a). "As a threshold matter, the Court finds that the sale of the Subject Properties occurred in violation of the automatic stay under Section 362 of the Bankruptcy Code. The automatic stay is one of the foundational principles upon which the Bankruptcy Code is built." (M.O. at pg. 6).

In the absence of annulment, the sale of the Post-Petition Sale Properties would be void as a matter of law and the bankruptcy estate assets would be administered in accordance with the Bankruptcy Code, which would benefit all creditors, not just Foraker and Corridori. The Post-Petition Sale violated the

Automatic Stay, taking the value of the properties from Vitale's bankruptcy estate.

The sale should either have been voided or, alternatively, re-sold at fair market value.

### ***The Bankruptcy Court erred in the utilization of the rare and extraordinary remedy of annulling Foraker Properties, LLC's and Regina M. Corridori's violations of the Automatic Stay, particularly since the annulment was based on erroneous facts. As a matter of law, the review is de novo.***

<u>Summary</u>: Annulment of a stay violation is acknowledged by the Bankruptcy

Court to be "an "extraordinary action" and a "radical form of relief" to be used

"sparingly." (M.O. at pg. 7). The predicates on which the imposition of this rare

remedy lean are insufficient to support summary disposition.

<u>Argument</u>: Annulment is an extraordinary remedy and is usually reserved for

exceptional circumstances which are not present in the case at bar. As set out in

the May 5, 1994 case, *In re Siciliano*, 167 B.R. 999 (E.D. Pa., May 5, 1994):

> When a court annuls the automatic stay for the benefit of a party in interest, it is as if the stay never existed for that particular party. *See In re Lampkin,* 116 B.R. 450, 453 (Bankr.D.Md.1990) ("The effect of annulling the stay is to negate its existence in its entirety."). This relief is quite extraordinary because it is retroactive, and, therefore, parties who secure such relief will have their previous actions, which may have violated the automatic stay at the time, validated after the fact. ***Annulling the stay is thus inconsistent with the notion that all debtors who seek the protection of bankruptcy in good faith are entitled to the "breathing spell" created by the automatic stay***. ***Such extraordinary relief should therefore not be commonly available. If it were otherwise, the careful balance of benefits and burdens built into the Bankruptcy Code by Congress would be thrown off kilter.***

<u>In re Siciliano</u>, 167 B.R. 999, 1007–08 (Bankr. E.D. Pa. 1994; emphasis added).

### ***The Bankruptcy Court erred in holding that no distribution was made to Regina M. Corridori, and that she would be prejudiced by the forced sale of the Five Post-Petition Sale Properties when:  (i) Regina M. Corridori received $60,000.00 from Duilio F. Vitale, Jr. on April 15, 2021; (ii) $3,000.00 from Duilio F. Vitale, Jr. on May 13, 2021, (iii) $3,000.00 from Duilio F. Vitale, Jr. on June 14, 2021; (iv) Regina M. Corridori alone received $64,998.05 from the sale of the Post-Petition Sale Properties; and (v) Corridori received a total of  $130,998.05 to date, and could receive an equitable portion of any forced re-sale of the Post-Petition Sale Properties. As a matter of law, the review is de novo.***

Summary: This "key circumstance" for imposition of the rare annulment remedy assumes a "severe prejudice" which is not supported by the record. When the *Memorandum Opinion* was written, Corridori had received $143,689.01 and had not fulfilled her duty under the Family Court orders to sign a quit-claim to Vitale for Vitale's home (the value of which was included in the calculation of Vitale's obligation under the Family Court orders to Corridori). She has since that time received $67,420.83 (*see*, Exh. O), which are all of the net proceeds from the sale of 1339 Linden Street, bringing her total to $211,109.84.

*Argument*:   Another fact upon which the rare utilization of annulment is based is that Corridori received no distribution from Vitale pursuant to the Family Court orders, and that she would be "severely prejudiced" by the forced re-sale of the Five Post-Petition Sale Properties. Yet, Corridori received $60,000.00 (check dated April 15, 2021; *see*, Exh. M); $3,000.00 (check dated May 13, 2021; *see*, Exh. M), and $3,000.00 (check dated June 14, 2021; *see*, Exh. M). Vitale received a credit on his payments due to Corridori for $12,690.96 on October 16, 2020 due to making

21

Corridori's mortgage payments (*see*, Exh. P, FC Oct. 16, 2020 order at pg. 2). Corridori alone received the full $64,998.05 (*see*, Exh. K) from the sale of the subject Post-Petition Sale Properties. The subtotal to Corridori was $143,689.01 when the *Memorandum Order* was entered. At this time, Corridori has been awarded all of the proceeds from the sale of the 1339 Linden Street property which is an additional $67,420.83 (*see*, Exh. O). The total thus far for Corridori is $211,109.84. Corridori has acknowledged that Vitale owes her nothing further to satisfy the Family Court orders. (Corridori has not signed the repeatedly presented quit-claim deed for Vitale's home). Re-selling the subject properties post-petition at fair-market value, as proposed in Vitale's *Complaint* at page 10, subsection 3, would have benefited Corridori. Vitale contends that the sale of the Post-Petition Sale Properties were not at fair market value and he provided appraisals to support his claim (*see*, Exhibits D,E,F,G,H, and I), which again, must be viewed in the light most favorable to Vitale for purposes of a judgment on the pleadings motion and a summary judgment motion. None of the summary disposition motions should have been granted.

***The Bankruptcy Court erred in holding that Regina M. Corridori signed the deeds for the Five Post-Petition Sale Properties pre-petition, when a review of Regina M. Corridori's Answer to Plaintiff's Complaint [D.I. 5 at ¶ 19] and the deeds themselves, make it clear that Regina M. Corridori signed the deeds on June 15, 2023, post-petition and in violation of the Automatic Stay. As this is a factual issue, the review is "clearly erroneous."***

<u>Summary</u>: Corridori signed the deeds post-petition on June 15, 2021 (*see*, Exh. R). Her signatures, and the notarial date on the deeds clearly show her signature being

post-petition on June 15, 2021, and not pre-petition as indicated by the Bankruptcy Court. This factual finding is clearly erroneous. The fact leaves the issue of whether or not Corridori had actual or constructive notice of Vitale's bankruptcy as an unresolved genuine material factual matter. Certainly an erroneous important fact must not be a basis for the extraordinary and rare relief of annulment.

Argument: One of the main supporting facts held by the Court is that Corridori signed the deeds for the five Post-Petition Sale Properties pre-petition, prior to the filing of Vitale's bankruptcy, and so Corridori could not have had notice. A review of *Regina M. Corridori's Answer to Plaintiff's Complaint* [D.I. 5 at ¶ 19] and the deeds themselves, make it clear that Corridori signed the deeds on June 15, 2023, post-petition and in clear violation of the Automatic Stay. So, the Bankruptcy Court's indication that Corridori signed the deeds pre-petition and had, therefore, a lack of notice of the Bankruptcy filing, has no supporting evidence in the record. Further, "[t]he stay of § 362 is "automatic" because it is triggered as against all entities upon the filing of a bankruptcy petition, *irrespective of whether the parties to the proceedings stayed are aware that a petition has been filed*. *See, NLT Computer Services v. Capital Computer Systems,* 755 F.2d 1253, 1258 (6th Cir.1985); *In re Koresko,* 91 B.R. 689, 701 (Bankr.E.D.Pa.1988); *In re Boston Business Machines,* 87 B.R. 867, 870 (Bankr.E.D.Pa.1988). Because the automatic stay serves the interests of both debtors and creditors, it may not be waived and its scope may

not be limited by a debtor. *Commerzanstalt v. Telewide Systems, Inc.,* 790 F.2d 206, 207 (2d Cir.1986)." *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991), *reh'g granted and opinion vacated* (Jan. 10, 1992), *opinion reinstated on reh'g* (Mar. 24, 1992; emphasis added).

> ***The Bankruptcy Court erred in finding on a Motion for Judgment on the Pleadings and motions for Summary Judgment, when the facts are to be viewed in the light most favorable to the non-moving party, and when Duilio F. Vitale, Jr. seeks bankruptcy relief for what he maintains was a property distribution award, that Duilio F. Vitale, Jr.'s conduct was "unreasonable and inequitable." As a matter of law, the review is de novo.***

Summary: Vitale sought bankruptcy court relief, for the first time, and asked that the subject Post-Petition Sale Properties be *included* in his bankruptcy estate to be *administered under and pursuant to the Bankruptcy Code*. This was fair to *all creditors*, including Corridori and Foraker. This is in direct contrast to the case relied upon by the Bankruptcy Court for imposition of annulment. Recall that *In re Margaret Myers,* 491 F.3d 120 (2007), involved fraudulently conveyed assets involving companies doing patient monitoring. Margaret Myers' actions are certainly distinguishable from Vitale's actions. Vitale was tasked with coming up with money to fund Corridori's Family Court property distribution award from the proceeds of the rental business (which he was awarded), Casa Bella Rentals, LLC, which owned all but one of the real estate properties which were ultimately sold in the subject Post-Petition Sale. At that time, selling substantially all of Casa Bella Rentals, LLC's business assets meant that his source of income to pay the Family

Court award would be gone. Note that the subject post-petition sale would have had to be split 60/40 under the Family Court orders if the net proceeds had reached beyond the Family Court's award to Corridori. Interestingly, it satisfied Vitale's obligation to Corridori leaving no remaining funds to be split with Vitale.

<u>Argument</u>: In a *Motion for Judgment on the Pleadings* and motions for Summary Judgment, when the facts are to be viewed in the light most favorable to the non-moving party, Vitale maintains it was erroneous to hold that Vitale's conduct was "unreasonable and inequitable." Vitale was awarded the business membership interests in Casa Bella Rentals, LLC. He would need the business to pay the Family Court award to Corridori. The Covid Pandemic hit, with its impact on residential rental businesses like Casa Bella Rentals, LLC. The Family Court documents outline Vitale's arguments to the Family Court regarding the Pandemic's impact. Yet, Vitale paid Corridori $78,690.96, and Corridori alone received $64,998.05 from the sale of the Post-Petition Sale Properties. Despite receiving $143,689.01, and the full proceeds from the sale of 1339 Linden Street ($67,420.83), Corridori has yet to provide Vitale with a quit-claim deed for his home.

Vitale sought bankruptcy court relief for the first time as he tried to save his home and his business. It is not at all unusual for divorcing couples to seek bankruptcy's fresh start. Seeking such relief should not be labeled as unreasonable and inequitable. Should it be inferred that all debtors who file bankruptcy with an

inconsistent Family Court order are to be found to be acting inequitably and unreasonably? Vitale requests that this finding be reversed.

### *The Bankruptcy Court erred in not holding that Regina M. Corridori's Family Court award is a property settlement. As a matter of law, the review is de novo.*

Summary and Argument: The Delaware Family Court indicated "Based on the foregoing, the Court denies the parties' respective claims for alimony." (Delaware Family Court decision, June 6, 2018 at pg. 14; *see*, Exh. P). Therefore, Corridori's award is not an alimony award. This is particularly true in a Summary Judgment motion where the factual inferences favor the non-moving party.

### *The Bankruptcy Court erred in not directing the equitable distribution of the net proceeds from the sale of the real estate at 1737 W. 6th Street, Wilmington, Delaware 19805. As a matter of law, the review is de novo.*

Summary and Argument: This property was sold free and clear of liens pursuant to 11 U.S.C. § 363 (as could the post-petition sale properties if the sale had not been annulled). Prior to the sale, the real estate at 1737 W. 6th Street, Wilmington, Delaware, was held in the joint names of Vitale and Corridori. The net proceeds of $36,515.38 are currently in escrow, and those net proceeds from the sale have various creditor liens on them which are potentially subject to lien avoidance actions. The distribution of these assets should be in accordance with the Bankruptcy Code.

### *The Bankruptcy Court erred in not directing the equitable distribution of the net proceeds from the sale of 1339 Linden Street, Wilmington, Delaware, 19805? As a matter of law, the review is de novo.*

<u>Summary and Argument</u>: This property, titled in both Vitale's and Corridori's name, was sold free and clear of liens pursuant to 11 U.S.C. § 363, narrowly avoiding a sheriff's sale. The net proceeds of $67,420.83 (*see*, Exh. O), have all now been awarded by the Bankruptcy Court solely to Corridori. The Bankruptcy Court's distribution is dramatically lopsided in Corridori's favor, given that she has not complied with providing Vitale with a quit-claim deed for the house he was awarded by the Family Court (*See*, M.O. at footnote 12).

***<u>The Bankruptcy Court erred in not addressing the issue of whether or not Regina M. Corridori breached her implied covenant of good faith and fair dealing to Casa Bella Rentals, LLC, as managing member, by entering into the sale of the Five Post-Petition Sale Properties, and that Duilio F. Vitale, Jr. has the right to bring an action on behalf of Casa Bella Rentals, LLC? As a matter of law, the review is de novo.</u>***

<u>Summary and Argument</u>:  Casa Bella Rentals, LLC was a two member Delaware Limited Liability Company. The two members were Vitale and Corridori. The Family Court awarded the company to Vitale ("Husband shall continue to retain and maintain the remaining five (5) properties, as well as 3205 Bristol." (Delaware Family Court order, June 6, 2018, pg. 18, at Exh. P) but Corridori would not sign the proffered documents. Further, the LLC's "Agreement" regarding the business indicates:

> All property owned by the Company, whether real or personal, tangible or intangible, shall be owned by the Company as an entity and no Member individually shall have any ownership rights in such property. Each Member for himself and his heirs, legal representatives, successors and assigns irrevocably waives and releases all rights presently held or

27

hereafter acquired, at law or in equity or by provision of any statute or otherwise, to obtain a partition of any property owned by the Company, or any part thereof, and irrevocably consents and agrees that no Member will, at any time, commence or maintain any action for a partition of any such property." (*See*, Exh. C at pg. 5, § 2.6).

Particularly given that the real estate assets of Casa Bella Rentals, LLC, were sold post-petition to Foraker well below fair market value (Exh. E, F, G, H, I, and D), Vitale and Corridori's member interest in Casa Bella Rentals, LLC was a much more valuable bankruptcy estate asset. Given that the Agreement does not permit sale or partition, Corridori breached her implied covenant of good faith and fair dealing to Casa Bella Rentals, LLC, as managing member, by entering into the sale of the Five Post-Petition Sale Properties. It would have benefited the bankruptcy estates of both Vitale and Corridori to have held on to their member status instead of selling the real estate at below market value. Summary disposition should be reversed.

***The Bankruptcy Court erred by not addressing the following issues: Casa Bella Rentals, LLC: (i) had its property taken without being afforded its constitutional procedural due process rights; (ii) was never made a party to the Family Court case; (iii) was not represented in the Family Court by an attorney; (iv) needed to be a party in the Family Court matter in order to authorize the sale of substantially all of its assets (in fact, such sale was contrary to its operating agreement); and (v) so, the Four Post-Petition Sale Properties titled in Casa Bella Rental, LLC's name should be returned to Casa Bella Rentals, LLC. As a matter of law, the review is de novo.***

<u>Summary and Argument</u>:  The issues surrounding Casa Bella Rentals, LLC, was dispensed with in Footnote 17 in the Bankruptcy Court's *Memorandum Opinion*

(*see*, M.O. at Footnote 17). Yet, 6 Delaware Code § 18-201 notes that "A limited liability company formed under this chapter shall be a separate legal entity, the existence of which as a separate legal entity shall continue until cancellation of the limited liability company's certificate of formation." 6 Del. C. § 18-201. This separate legal entity was not a party in the Delaware Family Court cases and was not represented by counsel in the Family Court proceedings. The Family Court had no jurisdiction over Casa Bella Rentals, LLC, and neither of its members had the right to sell substantially all of its real estate assets.

A sale of substantially all of the assets of a Limited Liability Company, an entity with a legal identity separate from its members, requires notice and an opportunity to be heard before the government deprives them of property. *See., e.g., Goss v. Lopez*, 419 U.S. 565 (1975); *U.S. Const. amend. V* and *amend. XIV*. This is basic due process. Casa Bella Rentals, LLC, was not a party in the Family Court case and so it was not afforded basic due process before it was stripped of essentially all of its assets.

Further, an LLC must be represented by counsel. There was no attorney in the Family Court proceedings for Casa Bella Rentals, though the LLC was stripped of all of its assets via the order requiring a sale. *Cf., Poore v. Fox Hollow Enterprises*, 1994 WL 150872 at *1 (Del. Super. Ct. Mar. 29, 1994).

Lastly, summary judgment is inappropriate in this case wherein Corridori claims a 75%/25% ownership, yet the Family Court originally indicated 50%/50% ownership [*see*, Exh. P], and then awarded the LLCs to Vitale [*see*, Exh. P]; but Corridori refused to sign the papers transferring the companies to Vitale. In short, there is an unresolved factual issue regarding the percentages of ownership, the identity of the managing member, and whether the sale of substantially all of its assets, which was contrary to its operating agreement (*see*, Exh. C) was within the jurisdiction of the Family Court since it was not a party thereto. These remaining issues would preclude summary disposition.

## <u>CONCLUSION</u>

WHEREFORE, Duilio F. Vitale, Jr. respectfully moves the Court to reverse the Bankruptcy Court's *Memorandum Order* [D.I. 52], vacate the summary dispositions, and remand the matter back to the Bankruptcy Court for a trial on the merits, and for any and all other relief to which he may be entitled.

Respectfully submitted,

DOROSHOW, PASQUALE, KRAWITZ & BHAYA

*/s/ Elaina L. Holmes, Esquire*
Elaina L. Holmes, Esquire (006552)
1202 Kirkwood Highway
Wilmington, DE  19805
(302) 998-0100